The relief described hereinbelow is SO ORDERED.

Signed September 07, 2010.



_____
Ronald B. King
United States Chief Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| COLONY LODGING, INC. | § | CASE NO. 10-60909-RBK |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| | § | |

**AGREED ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL**

Pacific Mercantile Bancorp ("Lender") filed its Motion to Prohibit Usage of Cash Collateral (the "Motion") on July 28, 2010 to prohibit Colony Lodging, Inc., debtor-in-possession ("Debtor") from using its cash collateral or, in the alternative, require adequate protection and restrict the Debtor's expenditures to a mutually acceptable budget. An initial emergency hearing was held on August 3, 2010, resulting in an Agreed Order Authorizing Debtor's Use of Cash Collateral for the month of August 2010 [Docket No. 21] (the "First Interim Order").[1] A further hearing on the Debtor's use of cash collateral was held on August 31, 2010. Upon review of the

---

[1] Capitalized terms shall have the meaning ascribed to them in the First Interim Order.

1

Motion and all relevant pleadings filed with this Court, the relief requested therein and the evidence and representations adduced at the interim hearing, this Court orders as follows:

1. <u>Extension of First Interim Order</u>. The First Interim Order is hereby extended and, unless otherwise ordered by the Court, shall remain in full force and effect through September 30, 2010.

2. <u>Updated Budget</u>. The August Budget attached to the First Interim Order shall be updated to include the September Budget attached hereto (the August Budget and September Budget shall collectively be referred to as the "Budget") and shall govern the period covered by this extension of the First Interim Order (the "Second Interim Order").

3. <u>Adequate Protection Payments</u>. Paragraph 5.a of the First Interim Order is hereby amended to add the following language:

> a. <u>Loan Payments and Fees</u>. Debtor has paid Lender $39,751.82 on account of the August payment (the "August 2010 Payment") due under the Business Loan Agreement dated as January 28, 2009 between PMB and Debtor and the related promissory note (as amended, restated, or otherwise modified, and together with any related documents, the "Loan Documents"). With regard to the $39,751.82 payment due on September 1, 2010 (the "September 2010 Payment"), Debtor is authorized to make such payment during the month of September 2010 at its discretion. The Debtor is not directed to make such payment at any point prior to September 30, 2010 unless so ordered by the Court at the September 14, 2010 status conference or at a later date. Regardless of whether the Court directs Debtor to make the September 2010 payment prior to September 30, 2010, the Debtor shall not make any payments to Rossco Holdings Incorporated on account of the 5% management fee set forth in the Budget or for any other purpose unless and until payments totaling $39,751.82 on account of the September 2010 Payment have been made to Lender. Lender reserves all rights to assert additional claims for interest at the default rate, any fees (including late fees), charges or expenses, allowable in connection with any monthly payment made by the Debtor.

4. <u>Cash Collateral Accounts</u>. Paragraph 2.a of the First Interim Order is hereby amended in its entirety as follows:

> The Debtor has closed all of its pre-petition deposit accounts and has opened a new post-petition deposit account (or accounts). For the avoidance of doubt, Lender's replacement lien granted under Paragraph 6.d shall extend to all of the Debtor's deposit accounts and all monies therein to secure the Debtor's Adequate Protection Obligations. All of the deposit accounts described in this Paragraph 2.a shall be referred to as the "Accounts."

5. <u>Additional Insurance</u>. The Debtor shall use its best efforts to increase the current $4.5 million of property coverage to $5.5 million. At least one day prior to the Status Conference (defined below), the Debtor shall provide evidence of increased coverage and/or evidence detailing its efforts to the Lender, the U.S. Trustee, and the Court.

6. <u>Mid-Month Operating Report</u>. On or before September 10, 2010, the Debtor shall provide Lender with a mid-month operating report, which report shall contain information identical to the information required under the Monthly Operating Reports referenced under Local Rule 2015, for the period beginning on the Debtor's petition date and ending August 15, 2010.

7. <u>Status Conference</u>. A status conference shall be held on September 14, 2010 at 2:30 p.m. Central time (the "Status Conference") to inform the Court of the Debtor's progress in locating substitute counsel and the Debtor's obtaining additional property coverage. At the Status Conference, the Court shall also consider whether the Debtor should be directed to make the September 2010 Payment at any time earlier than September 30, 2010.

8. <u>Continued Hearing, Service and Notice</u>. Paragraph 13 of the First Interim Order is hereby amended in its entirety as follows:

> a. Pursuant to Bankruptcy Rule 4001, there shall be a further interim hearing on the Debtor's continued use of cash collateral, any objection thereto, any request for adequate protection, or any

motion by the Debtor or Lender for approval of any agreement or stipulation to use cash collateral under 11 U.S.C. § 363 or to obtain credit under 11 U.S.C. § 364, and on any related motion which may be filed regarding cash collateral, adequate protection, or credit on September 29, 2010, at 10:00 a.m. Central time (the "Further Interim Hearing").

b.  Debtor is responsible for notice.

c.  Prior to the Further Interim Hearing, the Debtor and the Lender shall confer about the Debtor's proposed budget for the period after the Further Interim Hearing. No later than nine days before the Further Interim Hearing (or such later date as the Debtor and the Lender shall agree), the Debtor shall file with the Court a revised budget for the months of October and November 2010 (the "Extended Budget"), and shall indicate to the Court whether the Budget has been approved by Lender. The Extended Budget shall, among other things, (a) identify proposed use of Cash Collateral on a monthly basis, and (b) identify cash expenditures on the date when such expenditures come due (i.e., items like payments to utilities or for insurance should be listed on the dates when those items come due rather than as flat weekly or monthly amounts). Lender may file any objection to further use of cash collateral or the Extended Budget up to five days before the Further Interim Hearing.

d.  Motions supporting use of cash collateral and Objections to the relief sought at the Further Interim Hearing that already have been filed need not be refiled. To the extent all filed objections have been resolved by agreement of the parties, the Debtor may file a certificate of no objection prior to the Further Interim Hearing, and a separate further Interim Order may be presented by the Debtor and entered by this Court.

9.  <u>Ratification of First Interim Order</u>. Except as extended and modified by this Second Interim Order, all terms and conditions of the First Interim Order shall remain in full force and effect.

10. <u>Waiver of the fourteen (14) Day Stay Under Bankruptcy Rule 6004(h)</u>. The fourteen (14) day stay provisions of Bankruptcy Rule 6004(h) are waived and shall not apply to this Second Interim Order.

11. <u>Retention of Jurisdiction</u>. This Court has and shall retain jurisdiction to enforce this Second Interim Order and the First Interim Order according to their respective terms.

# # #

Order prepared and submitted by:

Patricia B. Tomasco
State Bar No. 01797600
MUNSCH HARDT KOPF & HARR, P.C.
401 Congress Avenue, Suite 3050
Austin, Texas 78701
Telephone: (512) 391-6100
Facsimile: (512) 391-6149
Email: ptomasco@munsch.com

ATTORNEYS FOR PACIFIC MERCANTILE BANCORP